# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2020

Lyle W. Cayce
Clerk

No. 19-50072
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE ANGEL TORRES,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CR-233-3

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jose Angel Torres appeals his conviction for possession with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and for aiding and abetting another in possession with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Torres argues that the district court abused its discretion by denying his request to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50072

admit additional portions of the recorded statements offered by the Government at trial.   The district court concluded that the additional statements were hearsay.   Torres asserts that whether Federal Rule of Evidence 106 and the rule of completeness are subject to a hearsay evidentiary ruling is a novel issue before this court and that a circuit split exists.  For the reasons set forth below, we need not resolve the issue here.

This court reviews "a district court's evidentiary rulings for abuse of discretion, subject to harmless error review." *United States v. Isiwele*, 635 F.3d 196, 199 (5th Cir. 2011) (citing *United States v. Jackson*, 625 F.3d 875, 879 (5th Cir. 2010)).  A district court "abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012) (quoting *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008)).  If this court determines that the district court abused its discretion, the next step in the inquiry is to determine "whether this error was harmless beyond a reasonable doubt." *Isiwele*, 635 F.3d at 201 (citing *Jackson*, 625 F.3d at 885).  Any error was harmless because even had the additional evidence been admitted at trial, the jury would have found Torres guilty beyond a reasonable doubt based on the trial testimony. *See id.* at 202.

Accordingly, the judgment is AFFIRMED.

2